IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOANN COLLUM,                                          Civil Action File No.
                                                       5:23-cv-160-TES

        Plaintiff,

v.

WAL-MART STORES EAST, LP,
JAMES ZAPF IN HIS/HER/THEIR
PROFESSIONAL CAPACITY, AND
JOHN DOES NOS. 1-10, WHETHER
SINGULAR OR PLURAL, MASCULINE
OR FEMININE, INDIVIDUALS OR
CORPORATIONS, WHO ARE NOT KNOWN
AT THIS TIME, BUT WILL BE ADDED
BY AMENDMENT WHEN ASCERTAINED,

        Defendants.
_____/

## CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a

protective order should be entered pursuant to OCGA § 9-11-26 and §  10-1-

761(4) for the purpose of protecting commercial and confidential information and

trade secrets of Defendant Wal-Mart Stores East, L.P. (hereinafter "Defendant")

and of all other Wal-Mart entities.

1.

This protective order shall apply to documents and to other things marked

"CONFIDENTIAL" by Defendant prior to production in this matter, as well as to the testimony of Defendant's corporate representative(s) concerning same.

2.

All such documents, things, and testimony marked "CONFIDENTIAL" pursuant to Paragraph 1 above shall be used only in the course of the above-captioned proceedings, or in any renewal action; and shall not be used, or provided for use, in any other litigation or proceedings, or published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel, including consulting or testifying experts, shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. All parties and their respective counsel who permit

access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be marked "CONFIDENTIAL" will notify the producing party, via counsel and in writing, and will specify the materials or information for which the protected status is disputed. The parties will have ten (10) business days after receipt of the aforementioned notice to resolve the dispute without Court intervention.

If they are not able to resolve the dispute within this time or at anytime thereafter, the party contesting the "CONFIDENTIAL" designation shall request a decision by the Court as to whether or not the materials or information at issue will retain protected status under this Order. Should this require any party to submit materials designated or marked "CONFIDENTIAL" to the Court for an in-camera inspection, the party seeking the in-camera inspection will use the procedures for submission outlined in the paragraph below.

6.

Any party seeking to rely upon any documents or information covered by this Order in support of or in opposition to any motion or during any hearing or trial, shall file the document or information provisionally under seal. The party opposing disclosure will have seven (7) days to object to the public disclosure of the documents or information and to file a motion for permission to prohibit a nonparty's remote electronic access or other public disclosure of said materials by filing under seal.

7.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties, their respective counsel, and upon all other persons to whom protected materials or information have been communicated or disclosed pursuant to this Order or to any other order of this Court.

8.

It is understood that if any person knowingly violates this Protective Order, said person shall pay such penalties to the producing party as the Court deems appropriate, including any attorneys' fees or expenses associated with the

4

prosecution of said violation, and any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this 15th day of June, 2023.


S/ Tilman E. Self, III
Honorable Tilman E. Self, III
United States District Court Judge


Consented to by:


/s/ David Dorer
(*with express permission NED*)
David Dorer
Georgia Bar No. 532402
Attorney for Plaintiff
PO Box 13
Macon, GA  31201-0013
(478) 742-8441
dorerlawteam@dozierlaw.com

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
3445 Peachtree Road, N.E., Ste. 500
Atlanta, GA 30326-3240
(404) 365-4535
ndeeb@mmatllaw.com

5

EXHIBIT "A"
IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOANN COLLUM,                                          Civil Action File No.
                                                       5:23-cv-160-TES

       Plaintiff,

v.

WAL-MART STORES EAST, LP,
JAMES ZAPF IN HIS/HER/THEIR
PROFESSIONAL CAPACITY, AND
JOHN DOES NOS. 1-10, WHETHER
SINGULAR OR PLURAL, MASCULINE
OR FEMININE, INDIVIDUALS OR
CORPORATIONS, WHO ARE NOT KNOWN
AT THIS TIME, BUT WILL BE ADDED
BY AMENDMENT WHEN ASCERTAINED,

       Defendants.

_____/

## WRITTEN ASSURANCE

AFFIDAVIT     OF     _____

(printed name), being duly sworn and personally appearing before the

undersigned attesting officer, duly authorized by law to administer oaths,

deposes and says that the within statements are true and correct:

1.

    I have read the Consent Protective Order attached hereto and I understand

1

its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court, Middle District, Macon Division, in which the above-styled matter is pending, and binds me to the provisions of the Consent Protective Order, including to all promises undertaken in the Order, as if originally agreed to by me.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 20_____.

Signature: _____

_____ County

State of

SUBSCRIBED AND SWORN to before me

this _____ day of _____, 20_____.

_____
NOTARY PUBLIC
My Commission Expires: